UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GUY WEEKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 13-1593 (RMC) |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Guy Weekes, proceeding *pro se*, filed this lawsuit in the Superior Court of the District of Columbia. Defendant United States Postal Service (USPS) removed the case to this Court pursuant to 28 U.S.C. §§ 1339, 1441(a) and 1442(a)(1). Notice of Removal [Dkt. 1]. USPS now moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56.[1] *See* Mot. to Dismiss [Dkt. 5]. Upon consideration of the parties' submissions, the Court will grant USPS's motion to dismiss under Rule 12(b)(1), albeit for a reason different from that advanced in the Motion.

Mr. Weekes alleges that he mailed "about 5 times insured postage packages" that "did not reach [their] destination." Notice of Removal, Ex. A (Compl.) [Dkt. 1-1] at 1. He seeks $25,000 in damages for breach of contract. *See id*; Ex. A (Super. Ct. Civil Information Sheet) [Dkt. 1-1] at 1. USPS argues that Mr. Weekes's claim is barred because he failed to exhaust his administrative remedies prior to filing suit. *See* Mot. to Dismiss at 5-6. However, the Court

---

[1] The D.C. Superior Court granted Mr. Weekes's motion to proceed *in forma pauperis*. Since that status continues in this Court, and Mr. Weekes has not been given the opportunity to cure any service deficiencies dismissal under Rule 12(b)(5) for insufficient service of process would be improper. *See* 28 U.S.C. § 1915(d) (requiring "[t]he officers of the court [to] issue and serve all process, and perform all duties" in *in forma pauperis* proceedings).

1

finds that sovereign immunity applies and, thus, will grant USPS's motion without addressing the contested exhaustion question. *See* Opp'n [Dkt. 7] at 1 (asserting that he "received no denial letter or any correspondence after [he] submitted claims").

Federal courts are courts of limited jurisdiction, and a district court's jurisdiction "is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Thus, "[n]o action of a party can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and a statutory requirement." *Houseal v. McHugh*, 962 F. Supp. 2d 286, 290-91 (D.D.C. 2013) (citing *Akinseye v. District of Columbia,* 339 F.3d 970, 971 (D.C. Cir. 2003)). Under the doctrine of sovereign immunity, it is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that without a specific waiver, the federal government and its agencies are protected from suit by the doctrine of sovereign immunity).

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, provides a limited waiver of sovereign immunity for civil actions seeking money damages, but that statute expressly excepts from consent "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id*. § 2680(b). Hence, the Court cannot entertain Mr. Weekes's claim under the FTCA.

For claims not sounding in tort, "[t]he Little Tucker Act, 28 U.S.C. § 1346(a)(2), provides a limited waiver of sovereign immunity for civil actions against the federal government arising from 'any express or implied contract with the United States,'" and it confers concurrent jurisdiction in the federal district court for claims of $10,000 or less. *Reynolds v. U.S. Dep't of*

*Justice*, Civ. No. 12-917, 2014 WL 220679, at *8 (D.D.C. Jan. 21, 2014); *see Houseal*, 962 F. Supp. 2d at 291 n.6 (noting that "[t]here are two parts to the Tucker Act") (citing 28 U.S.C. §§ 1346(a)(2), 1491). For claims for more than $10,000—such as the $25,000 sought here—jurisdiction vests exclusively in the United States Court of Federal Claims. *See Houseal*, 962 F. Supp. 2d at 291-92 (citing § 1491(a)). Hence, this Court lacks jurisdiction over Mr. Weekes's claim that USPS breached a contract and, accordingly, will dismiss the case. A separate Order accompanies this Memorandum Opinion.

Date: April 4, 2014

/s/
ROSEMARY M. COLLYER
United States District Judge